UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

THE REGENTS OF THE UNIVERSITY OF MICHIGAN,
a Michigan constitutional corporation, and

DEBIOPHARM S.A.,
a Switzerland société anonyme,

   Plaintiffs,

v.

SELLECK CHEMICALS LLC,
a Texas limited liability company,

   Defendant.

Case No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

---

Plaintiffs The Regents of the University of Michigan ("UM"), and Debiopharm S.A. ("Debiopharm") (collectively "Plaintiffs"), by their undersigned attorneys, and for their Complaint against Defendant Selleck Chemicals LLC ("Selleck"), states and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement, injunctive relief, and damages arising out of the infringement of United States Patent Number

41860

8,278,293. This action arises under the patent laws of the United States and is based on an actual controversy between the parties with respect to the infringement of the above-named patent.

## PARTIES

2. Plaintiff UM is incorporated under the laws of the State of Michigan and has a principal place of business at 1600 Huron Parkway, 2nd Floor, Ann Arbor, Michigan 48109.

3. Plaintiff Debiopharm is incorporated under the laws of the country of Switzerland, and has a principal place of business at Forum "Après-Demain," Chemin de Messidor 5-7; Case postale 5911; CH-1002 Lausanne, Switzerland.

4. Upon information and belief, Defendant Selleck is incorporated under the laws of the State of Texas and has a principal place of business at 2626 South Loop West, Suite 225, Houston, TX 77054.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.* Jurisdiction and venue are conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1391(b) and (c).

6.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has diversity jurisdiction under 28 U.S.C. § 1332, as each party is a citizen of a different state and the amount in controversy exceeds $75,000.00 U.S. dollars exclusive of interest and costs.

7.      This Court has personal jurisdiction over Selleck because it conducts business throughout the United States and in this District, and has engaged and continues to engage in infringing activities in this District. The acts by Selleck cause injury to Plaintiffs within this District.

8.      Venue in this Court is proper under 28 U.S.C. § 1391 because Selleck conducts business in this District, is subject to personal jurisdiction in this District, and has had and continues to have substantial contacts with this forum. In addition, venue is proper because Plaintiffs suffered harm in this District and Plaintiff UM has a principal place of business is in this District. Moreover, a substantial part of the activity that gave rise to the claims herein occurred in this District.

## BACKGROUND

9.      Plaintiff UM is a research university engaged in the business of scientific research, and is the owner by valid assignment of United States Patent Number 8,278,293 ("the '293 patent") entitled "Diazo bicyclic Smac

3

mimetics and the uses thereof," duly and legally issued on October 2, 2012, a copy of which is attached hereto as EXHIBIT A, such that it may enforce the '293 patent.

10. Plaintiff Debiopharm is a company engaged in the business of pharmaceutical research and development, and is the exclusive sublicensee of the '293 patent, such that it may enforce the '293 patent.

11. The claims of the '293 patent recite the chemical formula of the following compound known as AT-406:

[chemical structure diagram of AT-406]

12. On information and belief, Selleck has manufactured, imported, used, offered to sell, and/or sold, and continues to manufacture, use, offer to sell, and/or sell, the chemical compound known as AT-406.

13. On information and belief, Selleck intends to manufacture, import, use, offer for sale, and/or sell the chemical compound known as AT-406 in the future.

14. On information and belief, Selleck has been infringing and/or inducing or contributing to the infringement of at least claims 2-4 of the '293

4

patent, in violation of 35 U.S.C. § 271, by its activities in connection with the AT-406 compound.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '293 patent)

15. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 16 above, as if fully set forth herein.

16. Selleck has infringed and continues to infringe, directly and/or indirectly through contributory and/or induced infringement, one or more claims of the '293 patent by importing, making, using, selling, and/or offering to sell in the United States the chemical compound known as AT-406, in violation of 35 U.S.C. § 271.

17. Selleck's infringement of the '293 patent has been and continues to be willful and deliberate.

18. Selleck's infringement of the '293 patent will continue unless enjoined by this Court.

19. As a direct and proximate consequence of Selleck's infringement of the '293 patent, Plaintiffs have suffered, are suffering, and unless enjoined by the Court, will continue to suffer injury, for which Plaintiffs are entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proven at trial.

20. As a direct and proximate consequence of Selleck's infringement of the '293 patent, Plaintiffs have suffered, are suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

21. Plaintiffs have incurred and will incur attorney's fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285. Plaintiffs are therefore entitled to recover reasonable and necessary fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That the claims of the '293 patent are valid and enforceable.

B. That Selleck be held to have infringed the patent-in-suit.

C. For the entry of an order preliminarily and permanently enjoining Selleck, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, from infringing, contributing to the infringement of, and inducing infringement of the patent-in-suit, and specifically from directly or indirectly making, using, importing,

selling, or offering for sale, any products embodying the inventions of the patent-in-suit during the life of the claims of the patent-in-suit.

      D.      That Selleck be directed to fully compensate Plaintiffs for all damages attributable to Selleck's infringement of the patent-in-suit in an amount according to proof at trial, including, but not limited to, reasonable royalties and lost profits.

      E.      For an award of enhanced damages, pursuant to 35 U.S.C. § 284.

      F.      That Selleck be ordered to deliver to Plaintiffs, for destruction at Plaintiffs' option, all products that infringe the patent-in-suit.

      G.      That Selleck be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law.

      H.      For an award of pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284.

      I.      That Selleck be required to pay Plaintiffs its costs of suit, including its expenses, costs, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

      J.      That Plaintiffs have such other, further, and different relief as the Court deems proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues triable of right by a jury in the above-captioned case.

Respectfully submitted,

Dated: October 9, 2013     **BUTZEL LONG**

By: /s/ Jennifer A. Dukarski
       Regan K. Dahle (P53975)
       Jennifer A. Dukarski (P74257)
301 East Liberty, Suite 500
Ann Arbor, Michigan 48104
(734) 995-3110
Attorneys for Plaintiffs


David A. Casimir
Attorney for Plaintiff The Regents of the University of Michigan
Attorney for Plaintiff Debiopharm S.A.
CASIMIR JONES, S.C.
2275 Deming Way, Suite 310
Middleton, Wisconsin 53562
Telephone: 608.662.1277
Facsimile: 608.662.1276
E-Mail: dacasimir@casimirjones.com